**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOEY L. RITCHIE,

      Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

      Defendant.

Case No. 19-4067-SAC-ADM

## MEMORANDUM AND ORDER

Plaintiff Joey L. Ritchie ("Ritchie") worked for defendant Wal-Mart Stores East, L.P. ("Walmart") for over twenty years, from 1995 until August 2018. Ritchie claims Walmart discharged him because of his age and in retaliation for him making an open-door complaint about Walmart not paying him wages he was promised. Walmart, on the other hand, contends that it properly terminated his employment for violating the company's financial integrity rules when he paid maintenance and repair vendors directly, rather than through Walmart's centralized "service channel."

This case is now before the court on two motions relating to a twelve-page email with attachment (the "Document"). The Document catalogs a variety of concerns raised by Walmart store and market managers, including feedback about those concerns from Walmart's home office. When Walmart produced the Document, it designated it as "Confidential" under the protective order in this case and redacted most of the Document other than the cover email and the section relating to the service channel. Those portions of the Document remain intact and visible. The parties dispute the propriety of Walmart's redactions of the rest of the document. Walmart seeks a protective order because it contends the redacted information is not relevant and constitutes

confidential business information.  (ECF 69.)  Ritchie, on the other hand, moves the court to compel production of an unredacted version of the Document.  (ECF 71.)

As discussed in further detail below, Ritchie has shown that the redacted information may be relevant, and Walmart has not demonstrated good cause for a protective order.  The court therefore grants Ritchie's motion to compel and denies Walmart's motion for protective order.

## I.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1), the court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 26(c)(1) permits a court to issue a protective order authorizing redactions.  *See* FED. R. CIV. P. 26(c)(1)(D) (authorizing a protective order limiting the scope of disclosure or discovery to certain matters); FED. R. CIV. P. 26(c)(1)(G) (authorizing a protective order requiring that confidential commercial information "not be revealed or be revealed in a specified way"); *see also Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, No. CV 05-5155 (AKT), 2009 WL 10701187, at *4 (E.D.N.Y. Nov. 18, 2009) (applying the standard in Rule 26(c)(1) to a motion for a protective order authorizing redactions).  Rule 26(c)(1)'s good-cause standard is "highly flexible, having been designed to accommodate all relevant interests as they arise."  *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## II.    ANALYSIS

Ordinarily, a party may not unilaterally redact information from documents it produces in litigation simply because the redacted information is irrelevant or non-responsive.  *See Fish v. Kobach*, No. 16-2105-JAR-JPO, 2017 WL 1373882, at *7 (D. Kan. Apr. 17, 2017); *HR Tech., Inc.*

*v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2010 WL 4792388, at \*5-\*6 (D. Kan. Nov. 17, 2010).  Federal Rule of Civil Procedure 34 requires a party to produce or permit inspection of responsive *documents*, not just relevant information contained in those documents.  *HR Tech.*, 2010 WL 4792388, at \*5.  Permitting indiscriminate redactions inserts "'another step in the process,' [that] would invite additional discovery disputes and undermine Fed. R. Civ. P. 1's directive to construe the Rules to advance the just, speedy, and inexpensive determination of cases."  *Fish*, 2017 WL 1373882, at \*7 (quoting *HR Tech.*, 2010 WL 4792388, at \*5).  Further, redactions are "both unnecessary and potentially disruptive to the orderly resolution of the case" because parties are not ordinarily harmed by producing irrelevant or sensitive information that is already subject to a protective order restricting its dissemination and use.  *See HR Tech.*, 2010 WL 4792388, at \*5.

However, a party may redact information in otherwise discoverable documents by meeting its burden to show the propriety of the redactions.  *See McNabb v. City of Overland Park*, No. 12-2331-CM-TJJ, 2014 WL 1152958, at \*4 (D. Kan. Mar. 21, 2014).  For example, a party may demonstrate good cause to support narrowly tailored redactions of limited information that is not relevant to the issues in the case by establishing specific, significant competitive harm that would result from disclosure.  *See, e.g.*, *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 5057482, at \*10-\*11 (D. Kan. Aug. 27, 2020) (Mitchell, J.) (granting protective order where the producing party submitted detailed declarations to support the redactions).

**A.   The Redacted Information May Be Relevant.**

Here, Walmart argues a protective order denying Ritchie discovery of the unredacted Document is appropriate because the redacted information is not relevant.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

3

proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change the scope of discovery but clarified it, and therefore *Oppenheimer* still applies).[1]

Walmart argues the redacted information has no bearing on the central issues in this case. Walmart points out that it terminated Ritchie's employment for paying vendors outside of Walmart's service channel, whereas the redacted material relates to other issues such as staffing and payroll, product supply, freight, and associate scheduling concerns that arose in stores across the country. However, Ritchie disputes Walmart's motives for discharging him. According to Ritchie, he managed the Topeka Hypermart, which has a known history of problems such as frequently needing maintenance, painting, and plumbing services. Ritchie essentially contends that he could not effectively handle these issues through Walmart's service channel because it was broken. So he handled these problems outside of the service channel by making over sixty cash payments to vendors over a two-year period between March 2016 and May 2018. He contends his supervisors knew about and authorized these direct payments to vendors. Then, in May 2018, Walmart suddenly initiated an investigation into these direct payments to vendors just five days after Ritchie made an open-door complaint to HR that he was lied to about his compensation. This

---

[1] Both parties make arguments regarding use of the Document at trial, but whether a document is deemed relevant at trial is a different inquiry from relevance under Rule 26(b)(1).

investigation is what ultimately led to his termination. Ritchie contends that Walmart's practices and concerns documented in the redacted portions of the Document will bear on Walmart's culture, intent, thoughts, and credibility.

The court has reviewed the Document in camera and cannot rule out the possibility that the redacted information may bear on the credibility of Walmart's proclaimed motives in terminating Ritchie's employment. Walmart's contention that Ritchie is only entitled to the "service channel" portion of the Document only serves to support Walmart's narrow view of the case. Ritchie is entitled to pursue broader discovery to try to discredit Walmart's purported justification for terminating him. Ritchie also points out that Walmart deposed him about issues at his store unrelated to the service channel, including "perceived shrinkage, inventory, loss prevention, and audits." (ECF 74, at 2.) Walmart's attempt to characterize Ritchie as trying to "engage in a fishing expedition" is unpersuasive. The current dispute only involves one email with attachment. This is hardly a fishing expedition.

### B. Walmart Has Not Established Good Cause for a Protective Order.

Walmart also argues the redacted information "constitutes confidential business information, the disclosure of which will cause Walmart harm or embarrassment." (ECF 70, at 3-5.) A party seeking a protective order must first establish that the information sought is indeed a trade secret or other confidential research, development, or commercial information. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009). The party must then show that the disclosure of this information might be harmful. *Id.* To do this, the movant must demonstrate that disclosure would "result in a clearly defined and very serious injury, such as showing the competitive harm that would befall it by virtue of the disclosure of the trade secrets or other highly-confidential proprietary information." *In re Syngenta Ag Mir 162 Corn Litig.*, No. 14-MD-2591-

JWL-JPO, 2017 WL 386835, at *2 (D. Kan. Jan. 27, 2017) (internal quotation omitted).  To establish such an injury under the good-cause standard for a protective order, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

Walmart contends that the redacted information "constitutes confidential business information, the disclosure of which will cause Walmart harm or embarrassment." (ECF 70, at 4.) But this is merely a conclusory argument alleging non-specific injuries.  Walmart provides no particular and specific demonstration of fact establishing that it would suffer any clearly defined and very serious injury if it produced the Document in unredacted form.  Furthermore, the only declaration Walmart submitted in support of this argument was an affidavit from counsel stating that the redacted information consists of "confidential business information." (ECF 70-1 ¶¶ 5, 7.) Facts demonstrating good cause "should be set forth in more than the briefs or the hearsay allegations of counsel's affidavit."  *Flint Hills Sci., LLC v. Davidchack*, No. 00-2334-KHV-DJW, 2001 WL 1718291, at *2 (D. Kan. Dec. 3, 2001).  Walmart has not submitted a record from which the court can conclude that the redacted information is so highly proprietary or sensitive that redaction is warranted.  *Cf. Ad Astra*, 2020 WL 5057482, at *10-*11 (granting a motion for protective order permitting redactions where the moving party and non-parties submitted declarations detailing the specific and significant competitive harm that would result if the redacted information was produced).  Accordingly, Walmart has not demonstrated good cause for a protective order to allow it to maintain the redactions.

\* \* \* \* \*

**IT IS THEREFORE ORDERED** that plaintiff Joey L. Ritchie's Motion to Compel Production of Unredacted Document (ECF 71) is granted. Walmart must produce WM_Ritchie_005229-5240 without redactions on or before **September 10, 2020**.

**IT IS FURTHER ORDERED** that defendant Wal-Mart Stores East, L.P.'s Motion for Protective Order (ECF 69) is denied.

**IT IS SO ORDERED.**

Dated September 8, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
