**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOEY L. RITCHIE,

    Plaintiff,

    v.

WAL-MART STORES EAST, L.P.,

    Defendant.

Case No. 19-4067-SAC-ADM

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff Joey L. Ritchie's ("Ritchie") Motion to Strike Deposition Transcript. (ECF 90.) By way of this motion, Ritchie moves the court to strike his deposition transcript because Huseby Incorporated ("Huseby") charged him more than it charged defendant Wal-Mart Stores East, L.P. ("Walmart") to obtain a copy of his deposition transcript. Specifically, Huseby invoiced Walmart $843.28 for the deposition transcript, and Walmart was able to download the exhibits for free. In contrast, Huseby invoiced Ritchie a total of $1,656, which reflects $3.50 per page for the deposition transcript itself, $1.50 per page for exhibits, a $150 fee for "secure digital file processing and support," and a $20 fee for "repository storage/access/unlimited downloads." Walmart's response explains that, once Walmart received Ritchie's motion, it reached out to Huseby to question the discrepancies and learned that Huseby had intended to charge Ritchie $3.50 per page for the transcript copy itself, and that a member of its team had mistakenly included the standard administrative and exhibit fees on the invoice. Ritchie's reply does not state whether he circled back with Huseby to get a revised invoice. Thus, the court is unable to ascertain whether any unfair discrepancy remains.

Ritchie's motion is denied for the simple reason that Ritchie is not entitled to the relief he seeks. His motion seeks relief pursuant to Federal Rule of Civil Procedure 30(f)(2), which appears to be a mistake. Rule 30(f)(3) is the governing rule here. It provides that "[w]hen paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent." FED. R. CIV. P. 30(f)(3). The "officer" means the court reporter appointed or designated under Rule 28 who certifies in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. FED. R. CIV. P. 30(b)(5)(A), (f)(1). Here, it appears that court reporter was Vesta L. York. Consequently, Ritchie's remedy is to purchase the deposition transcript directly from Ms. York by paying her "reasonable charges." Ritchie does not need to go through Huseby. The court wishes to clarify that, in so ruling, the court does not intend to foreclose parties from working through agencies like Huseby that schedule court reporters and videographers and often facilitate billing and payments amongst them and the parties. However, if and when a dispute arises, the plain language of Rule 30(f)(3) states that the remedy is for the party to purchase a copy from the court reporter directly. The record here does not establish that Ritchie tried to do that, nor does he suggest that Ms. York's standard charges are unreasonable.

No authority supports the relief Ritchie seeks, which is for the court to strike the deposition transcript. In fact, the only analogous case law is to the contrary because a party is responsible for obtaining the deposition transcript by purchasing it directly from the court reporter as required by Rule 30(f)(3). *See, e.g.*, *Basile v. Massaro*, No. 6:10-cv-993, 2012 WL 3940282, at *1 n.3 (M.D. Fla. Sept. 10, 2010) (noting the court denied plaintiff's motion to strike any use of his deposition where the court found he was unwilling to pay reasonable charges for the transcript); *Evans v. Tilton*, No. 1:07-CV-01814, 2010 WL 3745648, at *1 (E.D. Cal. Sept. 16, 2010) (denying plaintiff's motion to strike deposition transcript because it is the plaintiff's responsibility to obtain

3

the transcript pursuant to Rule 30(f)(3)); *Irving v. Enterprise Rent-A-Car*, No. 1:06-CV-2167, 2008 WL 11407237, at *4 (N.D. Ga. June 13, 2008) (same).

**IT IS THEREFORE ORDERED** that plaintiff Joey L. Ritchie's Motion to Strike Deposition Transcript (ECF 90) is denied.

**IT IS SO ORDERED.**

Dated September 30, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
